IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ROSS THOMAS BRANTLEY, III,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:16-CV-1510-L-BK** |
| | § | |
| **MARILYN MAYES, *et al.*,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the court is Plaintiff's Objections to the Findings and Conclusions/Motion to Reconsider (Doc. 22), filed August 14, 2017. For the reasons that follow, the court **overrules** Plaintiff's objections and **denies** his Motion to Reconsider (Doc. 22).

Pro se Plaintiff Ross Thomas Brantley, III ("Plaintiff") filed his objections and motion for reconsideration after the court granted his request to voluntarily dismiss without prejudice this action on August 12, 2016, and accepted the magistrate judge's February 6, 2017 findings and conclusions ("Report"), recommending that the court deny Plaintiff's request to amend his pleadings long after the action was dismissed. In accepting the Report, the court overruled Plaintiff's prior objections.

Plaintiff's August 14, 2017 objections and motion for reconsideration appear to be directed to the court's prior denial of his request to amend his pleadings. Plaintiff references Federal Rule of Civil Procedure 15(a) in his objections and motion for reconsideration, and contends that he is not familiar with the law but has grounds to sue for violations of his civil rights. Plaintiff, therefore, requests that the court grant his motion for reconsideration and award him monetary and punitive damages for the violation of his right to equal protection under the Fourteenth Amendment.

After considering the objections and motion, and record in this case, the court **overrules** Plaintiff's objections and **denies** his Motion to Reconsider (Doc. 22) for the same reasons set forth in the court's prior order (Doc. 21), as Plaintiff has not provided any new valid reason for the court to change its prior ruling, and the court does not have authority to award Plaintiff monetary and punitive damages in a case that was voluntarily dismissed by him. *Further, in light of the court's denial of Plaintiff's motion for reconsideration and the posture of this action, Plaintiff shall not file any further documents in this case, except to appeal to the United States Court of Appeal for the Fifth Circuit, and the clerk of the court is directed not to accept any further filings from Plaintiff unless related to the appeal of this case.*

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Reports and Orders entered in this case (Docs. 12, 16, 19, 21), *see Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997), and finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 11th day of January, 2018.

*[signature]*
Sam A. Lindsay
United States District Judge